UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24229-SMITH/DAMIAN

PNC BANK, N.A.,

     Plaintiff,

v.

COLMENARES BROTHERS, LLC, *et al.*,

     Defendants.

_____/

## REPORT AND RECOMMENDATION FOLLOWING SHOW CAUSE HEARING

THIS CAUSE came before the Court after Defendants, Colmenares Brothers, LLC, and Jose A. Colmenares (collectively, "Defendants"), violated several Court Orders, *see* ECF Nos. 37 and 38, and failed to appear at a Show Cause Hearing before the undersigned on July 10, 2023.[1]

## I.    CERTIFICATION OF FACTS

The undersigned certifies the following facts:[2] On November 15, 2022, the Court entered Final Default Judgment for Plaintiff and against Defendants, jointly and severally, in the amount of $114,337.87 and ordered Defendants to complete under oath Form 1.977 Fact Information Sheets and serve them on Plaintiff within forty-five (45) days from the date of the

---

[1] This matter was referred to the undersigned pursuant to an Order of Reference entered by the Honorable Rodney Smith, United States District Judge, for a ruling on all non-dispositive matters and for a Report and Recommendation on any dispositive matters. [ECF No. 36].

[2] In civil cases where the parties have not consented to final judgment by a Magistrate Judge, upon commission of an act constituting contempt, "the magistrate judge shall forthwith certify the facts to a district judge" who may then decide whether the act warrants punishment. 28 U.S.C. § 636(e)(6)(B).

Final Judgment. [ECF No. 33]. Defendants failed to comply with the Court's November 15, 2022 Order.

In light of the foregoing, on February 2, 2023, Plaintiff filed a Motion to Compel Debtors to Complete Fact Information Sheet. [ECF No. 34]. In the Motion, Plaintiff sought an order directing Defendants to complete the Fact Information Sheets and awarding Plaintiff fees and costs incurred in connection with the motion. *Id.* Defendants did not file a response to the Motion to Compel within the time allotted by the Local Rules.

Thereafter, on March 6, 2023, the undersigned ordered Defendants to show cause, by March 20, 2023, why the Motion to Compel should not be granted by default[3] or, alternatively, to file a response in opposition to the Motion to Compel. [ECF No. 37]. The undersigned warned Defendants that failure to comply with the Order may result in sanctions and a finding of contempt. *Id.*[4]

On March 22, 2023, after Defendants failed to comply with the March 6, 2023 Order to Show Cause, the undersigned granted the Motion to Compel by default and directed each Defendant to complete Form 1.9777 Fact Information Sheets, which were attached to the Order, by April 6, 2023. [ECF No. 38].

On June 14, 2023, Plaintiff filed a Motion for Entry of Order to Show Cause indicating that Defendants had failed to complete and serve upon Plaintiff the Fact Information Sheets within the time allotted by the Court and were therefore in direct violation of this Court's March 22, 2023 Order. [ECF No. 39].

---

[3] Pursuant to Rule 7.1(c) of the Local Rules for the Southern District of Florida, failure to respond "may be deemed sufficient cause for granting the motion by default."

[4] The Court mailed a copy of the March 6, 2023 Order to Defendants, by U.S. mail, to the address in the record.

Based on the foregoing, on June 20, 2023, the undersigned found that Defendants were in violation of the Court's Orders [ECF Nos. 37 and 38] and entered an Order to Show Cause directing Defendants to appear before the undersigned on July 10, 2023, to show cause why an order finding each in civil contempt for failure to comply with the Court's Orders should not be entered against them. [ECF No. 40]. The undersigned further ordered Plaintiff's counsel to serve a copy of the Show Cause Order on Defendants through certified mail or other method requiring signature and proof of delivery and to file a notice of compliance evidencing service on Defendants. *Id*.

On June 27, 2023, Plaintiff filed its Notice of Filing Proof of Delivery, indicating that it successfully provided the Show Cause Order by FedEx delivery to Defendants. [ECF No. 41]. Plaintiff attached the FedEx proof of delivery to the Notice, which reflects the Show Cause Order was accepted and signed for at Defendants' address in Sunny Isles Beach, Florida. [ECF No. 41-1].

Despite having been given notice of the hearing, Defendants failed to respond to the Show Cause Order and did not appear for the Show Cause Hearing on July 10, 2023. During the hearing, Plaintiff's counsel informed the undersigned that all efforts to contact Defendants have been unsuccessful.

## II.   RELEVENT LEGAL STANDARDS

### A.  The Court's Inherent Authority To Issue Contempt Orders

This Court has the inherent authority to enforce its own orders by the exercise of contempt powers. *Citronelle–Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their legal orders through civil

contempt.")). Where a party continuously violates, disobeys, or otherwise ignores a valid court order, that party may be subject to being held in contempt of court and have fines, fees, and costs assessed against them. *See Brother v. BFP Investments, Ltd.*, No. 03-60129-CIV, 2010 WL 2978080, at *5–7 (S.D. Fla. July 26, 2010) (Marra, J.).

When fashioning an equitable remedy for civil contempt, district courts enjoy "wide discretion." *McGregor v. Chierico*, 206 F.3d 1378, 1385 n.5 (11th Cir. 2000); *United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999); *Citronelle-Mobile*, 943 F.2d at 1304. Appropriate sanctions for civil contempt include: (1) a coercive fine, (2) a compensatory fine, (3) attorney's fees and costs, and (4) coercive incarceration. *Citronelle–Mobile*, 943 F.2d at 1304 (citations omitted). But a court's discretion is not unfettered, and sanctions imposed to coerce compliance may not be any greater than necessary to ensure compliance. *See Jove Eng'g, Inc. v. Internal Revenue Service*, 92 F. 3d 1539, 1558 (11th Cir. 1996). "And of course, civil contempt sanctions must always give to the contemnor the opportunity to bring himself into compliance by 'satisfy[ing] the trial court that he [is] no longer in violation of the . . . order and that he would in good faith thereafter comply with the terms of the order.'" *Lodge v. H.U.M. Larroc, Inc.*, No. 18-63123-CIV, 2019 WL 13256718, at *2 (Nov. 4, 2019) (Cohn, J.) (quoting *Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965)).

Furthermore, as the order that Defendants have disobeyed is in connection with a judgment, Federal Rule of Civil Procedure 70(e) provides that when a party disobeys a lawful order, a district court may "hold the disobedient party in contempt." Fed. R. Civ. P. 70(e); *see also TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F. Supp. 3d 1357, 1360 (S.D. Fla. 2015) (Moore, J.) (citations omitted).

### B.  *Establishing A Finding Of Civil Contempt*

The party seeking civil contempt must show by clear and convincing evidence that the alleged contemnor violated the court's prior orders. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citing *United States v. Roberts*, 858 F.2d 698 (11th Cir. 1988)). "This requires proving that (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *S.E.C. v. Greenberg*, 105 F. Supp. 3d 1342, 1345 (S.D. Fla. 2015) (Hurley, J.) (quoting *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007)). "To meet the initial burden for a finding of civil contempt, a moving party need only show that defendant failed to comply with the court's order." *Van De Velde NV v. Felder*, 15- 24096-CIV, 2017 WL 8895345, at *2 (S.D. Fla. May 25, 2017) (Goodman, J.) (*citing United States v. Rylander*, 460 U.S. 752, 755 (1983)), *report and recommendation adopted*, 2017 WL  8895340 (S.D. Fla. June 16, 2017). Thereafter, the burden shifts to the alleged contemnor to produce detailed evidence explaining why it cannot comply, which requires more than a mere assertion of inability to comply. *Roberts*, 858 F.2d at 701. The alleged contemnor must show that it has, in good faith, made all reasonable efforts to comply with the order. *Id*.; *Chairs*, 143 F.3d at 1436. If a sufficient showing is made, the burden shifts back to the party seeking to show contempt to prove the alleged contemnor's ability to comply with the court's order. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

### III.    FINDINGS

Based on the foregoing certified facts, the undersigned finds that Plaintiff has shown by clear and convincing evidence that Defendants failed to comply with multiple lawful and valid Orders. First, Defendants failed to comply with the Court's directive in the Final Default

Judgment to complete the Fact Information Sheets within the time allotted therein. [ECF No. 33]. Further, Defendants failed to comply with the Court's Order directing them to respond to Plaintiff's Motion to Compel by March 20, 2023, and to provide completed Fact Information Sheets by April 6, 2023. [ECF No. 38]. Lastly, despite being served with notice, Defendants failed to appear at the July 10, 2023, Show Cause Hearing or to request to be excused for any reason. [ECF No. 40].

Therefore, Plaintiff satisfied its initial burden to show that Defendants failed to comply with several court orders, and, as such, the burden shifted to Defendants to show why they should not be found in contempt for failure to comply with the Court's Orders. *See Roberts*, 858 F.2d at 701. As set forth above, the Court ordered Defendants to appear before the undersigned on July 10, 2023, to show cause why an order finding each in civil contempt should not be entered against them, and, in that Order, the Court emphasized that failure to comply may result in the Court finding Defendants in civil contempt and imposing sanctions against them. *See* ECF Nos. 37, 38, and 40. Defendants failed to respond or appear before the undersigned, despite evidence filed by Plaintiff demonstrating that Defendants were served with and were on notice of the Show Cause Hearing. *See* ECF No. 45.

In sum, the undersigned finds, based on the above, that Plaintiff has shown by clear and convincing evidence that Defendants violated the Court's Show Cause Order and have not made "all reasonable efforts" to comply with the Court's Orders requiring each Defendant to submit to Plaintiff completed Fact Information Sheets. Therefore, under the circumstances of this case, Defendants should be held in contempt and have fines, fees, and costs assessed against them.

## IV.    RECOMMENDATION AND ORDER

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Order to Show Cause [ECF No. 39] be **GRANTED** and that the District Court:

1.    Find Defendants, Colmenares Brothers, LLC, and Jose A. Colmenares, in civil contempt for their failure to comply with the Court's Orders requiring them to submit completed Form 1.977 Fact Information Sheets [ECF Nos. 33, 38] and to appear before the Court for a show cause hearing [ECF No. 40];

2.    Impose a fine of $300 per day upon Defendants, jointly and severally, until they purge themselves of the contempt; and

3.    Upon a finding of civil contempt, award Plaintiff its reasonable costs, including attorney's fees, as a sanction for Defendants' failure to comply with the Court's Orders.

Further, it is hereby

**ORDERED** that Plaintiff's counsel shall prepare and file an Application for Fees and Costs incurred in connection with efforts to obtain Defendants' compliance with post-judgment discovery, from its initial efforts to obtain the completed Fact Information Sheets to and including attendance at the Show Cause Hearing. Plaintiff shall provide the Application to Defendants and attempt to confer regarding the amount of fees and costs prior to filing the Application with the Court. It is further

**ORDERED** that Plaintiff's counsel shall serve a copy of this Report and Recommendation and its Application for Fees and Costs to Defendants through certified mail (or another service providing for tracking and requiring a signature upon receipt) and shall

file a notice of compliance that includes a copy of a document evidencing receipt by Defendants.

The parties will have fourteen (14) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Rodney Smith, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 17th day of July, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Rodney Smith, *U.S. District Judge*
Counsel of Record