**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

PNC BANK, N.A.,

                    Plaintiff,

v.                                            CASE NO.: 1:21-cv-24229-MGC

COLMENARES BROTHERS, LLC, a
Florida limited liability company; and
JOSE A. COLMENARES, an individual,

                    Defendants.

_____/

**APPLICATION FOR ATTORNEYS' FEES AND COSTS PER MAGISTRATE'S**
**JULY 17, 2023 REPORT AND RECOMMENDATION**
**FOLLOWING SHOW CAUSE HEARING**

       Pursuant to this Court's Report and Recommendation Following Show Cause Hearing [ECF No. 46] ("July 17, 2023 Report and Recommendation"), Plaintiff, PNC Bank, N.A. ("PNC"), moves this Court for entry of an Order awarding fees and costs from its initial efforts to obtain the completed Fact Information Sheets up to and including attendance of Defendants, Jose A. Colmenares, individually, and as Registered Agent for Colmenares Brothers, LLC, at the Show Cause Hearing. In support of this application, Plaintiff would show:

       1.     When a party's claim for attorney's fees sounds in state law and reaches federal court by way of federal diversity jurisdiction, courts should apply the substantive law of the forum state. *Trans Coastal Roofing Co., v. David Boland, Inc.*, 309 F.3d 758 (11th Cir. 2002).

       2.     Accordingly, this Court should apply Florida law to PNC's claim for attorneys' fees.

       3.     "In general, attorney's fees are not recoverable unless a statute or a contract specifically authorizes their recovery, or unless equity allows attorneys' fees from a fund or estate which has been benefitted by the rendering of legal services." *Hampton's Estate v. Fairchild–Florida Const. Co.,* 341 So. 2d 759, 761 (Fla. 1976).

4.      To be enforceable, an agreement providing for the award of attorney's fees must be clear and specific. *Sholkoff v. Boca Raton Cmty. Hosp., Inc.*, 693 So. 2d 1114, 1118 (Fla. 4th DCA 1997).

5.      Moreover, an agreement for one party to pay another party's attorneys' fees must unambiguously state that intention. *Id.*

6.      PNC is entitled to attorneys' fees and costs incurred in this action under the Business Banking Line of Credit Agreement with Defendants (the "LOC Agreement"), which provides in relevant part:

> You agree to pay our collection costs (including, without limitation, the cost of in-house attorneys and staff), whether or not we hire anyone else to help us collect this account. This includes, subject to any limits under applicable law, our attorneys' fees and legal expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals and any anticipated post-judgment collection services.

*See* LOC Agreement ¶ 18.

7.      Thus, in addition to the recommendation of attorneys' fees in the July 17, 2023 Report and Recommendation, PNC is entitled to attorney's fees pursuant to the clear, specific, and unambiguous language of the LOC Agreement.

8.      Moreover, in determining reasonable attorneys' fees in cases where a party is entitled to reasonable fees under a contract, Florida adheres to the lodestar method. *Resolution Tr. Corp. v. Hallmark Builders Inc.*, 996 F.2d 1144, 1147-48 (11th Cir. 1993).

9.      Under the lodestar method, attorneys' fees are calculated by multiplying the number of hours reasonably spent times a reasonable hourly rate. *Id.* at 1147.

10.     A reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999).

11.     Moreover, counsel must use "billing judgement" when requesting attorneys' fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F. 3d at 427.

12.     The attorneys' fees requested are more particularly set forth in PNC's Affidavit as to Attorneys' Fees Incurred filed contemporaneously herewith.

13.     Moreover, the reasonableness of said attorneys' fees, as required under Florida law, is more particularly set forth in PNC's Affidavit as to the Reasonableness of Attorneys' Fees filed contemporaneously herewith.

DATED: October 9, 2023

**ADAMS AND REESE LLP**

By: */s/ Lauren A. Baio*
   Lauren A. Baio, Esq.
   Florida Bar No. 1002909
   lauren.baio@arlaw.com
   jessica.eck@arlaw.com
   catherine.lockley@arlaw.com
   20 F. St. NW, Suite 500
   Washington, DC 20001
   (202) 478-1217 (phone)

**and**

   John T. Rogerson, III
   Florida Bar No. 832839
   john.rogerson@arlaw.com
   jessica.eck@arlaw.com
   501 Riverside Avenue, Suite 601
   Jacksonville, FL 32202
   (904) 355-1700
   (904) 394-0564 (facsimile)

   *Attorneys for Plaintiff, PNC Bank, N.A.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I electronically filed via the Court's CM/ECF the foregoing document on October 9, 2023, and service of this Motion will be provided via FedEx to Jose A. Colmenares and Colmenares Brothers, LLC, c/o of its Registered Agent, Jose A. Colmenares, 290 174th Street, Apt. 312, Sunny Isles Beach, FL 33160-3245.

   */s/ Lauren A. Baio*
   Attorney