UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-24229-CIV-SMITH/DAMIAN

PNC BANK, N.A.,

    Plaintiff,

v.

COLMENARES BROTHERS, LLC, and
JOSE A. COLMENARES,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS
PER MAGISTRATE'S JULY 17, 2023 REPORT AND RECOMMENDATION
FOLLOWING SHOW CAUSE HEARING [ECF NO. 47]**

THIS CAUSE came before the Court on the Application for Attorneys' Fees and Costs Per Magistrate's July 17, 2023 Report and Recommendation Following Show Cause Hearing filed by Plaintiff, PNC Bank, N.A. ("Plaintiff" or "PNC"), on October 9, 2023 [ECF No. 47] (the "Application").[1]

The undersigned has considered the Application, the supporting documents [ECF Nos. 48 and 49], and the pertinent portions of the record and is otherwise fully advised in the premises. For the reasons discussed below, the undersigned respectfully recommends that Plaintiff's Application for Attorney's Fees and Costs be granted, and that the District Court find the fees and hours claimed by Plaintiff to be reasonable and enter an attorney's fee award in the amount of $2,630.00 in favor of Plaintiff and against Defendants.

---

[1] The Honorable Rodney Smith, United States District Judge, referred the Application to the undersigned for a Report and Recommendation. [ECF No. 50 at ¶ 5].

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On December 1, 2021, Plaintiff filed a Complaint for Breach of Line of Credit Agreement and Breach of Guaranty against Defendants, Colmenares Brothers, LLC, and Jose A. Colmenares (collectively, "Defendants"). [ECF No. 1]. Defendants were served by substitute service with the summons and an Amended Complaint on March 5, 2022 [ECF Nos. 14 and 15]. Defendants failed to appear or otherwise respond, and, on April 7, 2022, a Clerk's Default was entered against Defendants. [ECF No. 21]. Thereafter, Plaintiff moved for entry of default judgment, which the Court granted. [ECF No. 32].

On November 15, 2022, the Court entered Final Default Judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $114,337.87 and ordered Defendants to complete under oath Form 1.977 Fact Information Sheets and serve them on Plaintiff within forty-five (45) days from the date of the Final Judgment. [ECF No. 33]. Defendants failed to comply with the Court's November 15, 2022 Order as well as several subsequent Court orders directing Defendants to comply with post-judgment discovery.

On June 20, 2023, the undersigned found that Defendants were in violation of the Court's Orders [ECF Nos. 37 and 38] and entered an Order to Show Cause directing Defendants to appear before the undersigned on July 10, 2023, to show cause why an order finding each in civil contempt for failure to comply with the Court's Orders should not be entered against them. [ECF No. 40]. The undersigned further ordered Plaintiff's counsel to serve a copy of the Show Cause Order on Defendants through certified mail or other method requiring signature and proof of delivery and to file a notice of compliance evidencing service on Defendants. *Id.*[2] Despite having been given notice of the hearing, Defendants failed to

---

[2] On June 27, 2023, Plaintiff filed its Notice of Filing Proof of Delivery, indicating that it successfully provided the Show Cause Order by FedEx delivery to Defendants. [ECF No. 41].

respond to the Show Cause Order and did not appear for the Show Cause Hearing on July 10, 2023.

After the Show Cause Hearing, on July 17, 2023, the undersigned issued a Report and Recommendation certifying the foregoing facts to the District Judge, pursuant to 28 U.S.C. § 636(e)(6)(B), and finding that Plaintiff had shown by clear and convincing evidence that Defendants violated the Court's Show Cause Order and have not made "all reasonable efforts" to comply with the Court's Orders requiring each Defendant to submit to Plaintiff completed Fact Information Sheets. [ECF No. 46]. The undersigned recommended that the Court (1) find Defendants in civil contempt for their failure to comply with the Court's Orders requiring them to submit completed Fact Information Sheets and to appear before the Court for a show cause hearing; (2) impose a fine of $300 per day upon Defendants, jointly and severally, until they purge themselves of the contempt; and (3) award Plaintiff its reasonable costs, including attorney's fees, as a sanction for Defendants' failure to comply with the Court's Orders. *Id.* at 7.

The undersigned directed Plaintiff to prepare and file an Application for Fees and Costs incurred in connection with efforts to obtain Defendants' compliance with post-judgment discovery, from its initial efforts to obtain the completed Fact Information Sheets to and including attendance at the Show Cause Hearing. *Id.* The undersigned also directed Plaintiff's counsel to serve a copy of the Report and Recommendation as well as Plaintiff's Application for Fees and Costs on Defendants through certified mail and file a notice of

---

Plaintiff attached the FedEx proof of delivery to the Notice, which reflects the Show Cause Order was accepted and signed for at Defendants' address in Sunny Isles Beach, Florida. [ECF No. 41-1].

compliance. *Id.* No written objections to the undersigned's Report and Recommendation were filed by either party.

On October 9, 2023, Plaintiff filed the Application for Attorneys' Fees and Costs, as directed in the undersigned's July 17, 2023 Report and Recommendation. [ECF No. 47]. Defendants did not file a response and the time to do so has passed.

Thereafter, on October 13, 2023, the Court entered an Order (1) adopting the undersigned's July 17, 2023 Report and Recommendation; (2) finding Defendants in civil contempt for their failure to comply with the Court's Orders requiring them to submit completed Form 1.977 Fact Information Sheets [ECF Nos. 33, 38] and to appear before the Court for a show cause hearing [ECF No. 40]; (3) ordering Defendants to pay a fine of $300.00 per day until they have purged themselves of the contempt as a sanction, which is assessed retroactively from July 17, 2023; (4) finding Plaintiff is entitled to its reasonable attorneys' fees and costs; and (5) referring Plaintiff's Application for Attorneys' Fees and Costs to the undersigned for a report and recommendation. *See* [ECF No. 50].

## II. PLAINTIFF'S APPLICATION

In the Application, Plaintiff seeks an order awarding fees incurred from its initial efforts to obtain completed Fact Information Sheets from Defendants up to and including attendance at the show cause hearing. *See* Application [ECF No. 47] at 1. Plaintiff asserts it is entitled to recover attorney's fees incurred in this action pursuant to the Business Banking Line of Credit Agreement[3] with Defendants, in addition to the undersigned's

---

[3] The Line of Credit Agreement provides in relevant part:
> You agree to pay our collection costs (including, without limitation, the cost of in-house attorneys and staff), whether or not we hire anyone else to help us collect this account. This includes, subject to any limits under applicable law, our attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings

4

recommendation of an award of fees in the July 17, 2023 Report and Recommendation. *See id.* at 2. The undersigned notes that the Court previously found that Plaintiff demonstrated it is entitled to an award of fees and costs based on the LOC Agreement. *See* [ECF Nos. 31, 32].

Plaintiff seeks an award of $2,630.00 in attorney's fees incurred from January 1, 2023 through July 10, 2023, in connection with efforts to compel post-judgment discovery. In support, Plaintiff's counsel of record, John T. Rogerson, III, a partner at the law firm of Adams and Reese, LLP, submitted an affidavit listing the hours billed by different attorneys and staff at the law firm. [ECF No. 48] ("Rogerson Affidavit"). Specifically, Plaintiff seeks $2,630.00 in attorney's fees for 14.2 hours of work billed, including: (a) 1.4 hours worked by partner John T. Rogerson, III; (b) 2 hours worked by associate Lauren A. Baio; (c) 2.8 hours worked by associate Kevin J. McKendry; (d) 7.6 hours worked by paralegal Catherine J. Lockley; and (e) .4 hours worked by paralegal Elizabeth M. Brown. *Id.* ¶ 11. Plaintiff asserts that the standard hourly rates of the attorneys at the firm were reduced for this matter to $250.00 and that the paralegals' standard hourly rates were reduced to $135.00. *Id.* ¶ 12.

Plaintiff also submitted an Affidavit as to Reasonableness of Attorneys' Fees from Michael D. Lee, an attorney admitted to the Florida Bar in 2001 who examined Plaintiff's files in this action, including the time and billing records, pleadings, motion, and affidavits. [ECF No. 49] ("Lee Affidavit") at ¶¶ 2–4. In the affidavit, Mr. Lee states that the combined 14.2 hours expended by Plaintiff's counsel and paralegals in this matter from January 1, 2023 through July 10, 2023, is a reasonable amount of time for the issues in this action and that the rates of $250.00 for partners and associates and $135.00 for paralegals are reasonable and well

---

(including efforts to modify or vacate any automatic stay or injunction), appeals and any anticipated post-judgment collection services.
*See* [ECF No. 8-2] ¶ 18.

within the prevailing market rates charged in South Florida by lawyers and paralegals of comparable skill, experience, and reputation for similar services. *Id.* ¶ 9.

### III.  DISCUSSION

In determining reasonable attorney's fees in cases where a party is entitled to reasonable fees under a contract, the undersigned looks to Florida state law, which adheres to the lodestar method as developed by federal case law. *See Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1147–48 (11th Cir. 1993). Under the lodestar method applied by courts in the Eleventh Circuit, attorney's fees are calculated by multiplying the number of hours reasonably spent times a reasonable hourly rate. *Id.* at 1147; *see also Blum v. Stenson*, 465 U.S. 886, 888 (1994). The Court may adjust the lodestar calculations for other considerations not yet factored into the lodestar amount. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); s*ee also Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). However, the Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303. Additionally, the plaintiff must provide detailed evidence of the hourly rates and time expended so that the Court may properly assess the time claimed for each activity. *Id.*

The Court may review the hourly rate and attorney time for reasonableness based on the twelve so-called "*Johnson* factors," including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the

case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340–41 (11th Cir. 1999) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

### A. *Reasonable Hourly Rates*

The undersigned must first determine whether Plaintiff has satisfied the burden of establishing that its requested hourly rates are reasonable. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436. The Court may use its discretion and expertise to determine the appropriate hourly rate. *Norman,* 836 F.2d at 1304.

As noted above, Plaintiff requests that the Court compensate Plaintiff's counsel, as well as other attorneys who worked on this matter, at an hourly rate of $250.00 and compensate two paralegals at an hourly rate of $135.00. *See* Rogerson Affidavit at ¶ 12. In support of these rates, Plaintiff submitted the Affidavit of Michael Lee discussed above. *See* Lee Affidavit. In the affidavit, Mr. Lee avers that the hourly rates of $250.00 for partners and associates and $135.00 for paralegals are reasonable and well within the prevailing market rates charged in South Florida by lawyers and paralegals of comparable skill, experience, and reputation for similar services. *Id.* ¶ 9.

As previously mentioned, Plaintiff has the burden of establishing a reasonable rate. The Court, however, may turn to its own experience to determine reasonable hourly rates as

well. Upon a review of the record, and the undersigned's consideration of other fee requests and awards in similar types of cases, the undersigned finds that the requested hourly rates of $250.00 for partners and associates and $135.00 for paralegals at the law firm who performed work in this matter to be in the reasonable range of hourly rates for comparable services. *See, e.g.*, *Spring v. KFF Arbitration, LLC*, No. 18-62419-CIV, 2019 WL 2268973, at *1 (S.D. Fla. Feb. 15, 2019) (Dimitrouleas, J.) (modifying the rate of attorney's fees from $450 to $250 in a case where the defendant did not participate in litigation and ended in a default judgment); *Watts v. Club Madonna, Inc.*, No. 17-24666-CIV, 2019 WL 2271947, at *2 (S.D. Fla. Feb. 14, 2019) (O'Sullivan, J.) (finding hourly rate of $135.00 for paralegals appropriate), *report and recommendation adopted*, 2019 WL 2268979 (S.D. Fla. Mar. 8, 2019) (Ungaro, J.).

Accordingly, the undersigned recommends that Plaintiff's counsel be compensated at the requested hourly rates of $250.00 for partners and associates and $135.00 for paralegals.

### B. *Reasonable Hours Expended*

The undersigned must next determine whether the number of hours spent on the matter by Plaintiff's counsel is reasonable. Counsel must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427. Although the party requesting attorney's fees must submit evidence sufficient to allow the court to determine that the requested fees are reasonable, "'objections and proof' . . . concerning hours that should be excluded must be specific and 'reasonably precise.'" *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). In addition, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it

may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

As noted above, in the Rogerson Affidavit, Plaintiff's counsel sets forth detailed billing records indicating 14.2 hours of work billed in connection with efforts to obtain Defendants' compliance with post-judgment discovery and for preparation and attendance at the show cause hearing. *See* [ECF No. 48-1]. Through the Lee Affidavit, also submitted in support of the request for attorney's fees, Plaintiff asserts this is a reasonable amount of time for the issues in this action. *See* Lee Affidavit at ¶ 8. While a party has a right to attorney's fees incurred in the successful prosecution of a claim, the courts have a corresponding duty to make sure that such award is reasonable. *See Hensley*, 461 U.S. at 433–34. The determination of the amount of fees to award is vested in the sound discretion of the Court. *See Arch Ins. Co. v. GC Works, Inc.*, No. 12-21260, 2013 WL 12181371, at *6 (S.D. Fla. Feb. 4, 2013).

The undersigned has independently and carefully reviewed the billing records submitted by Plaintiff to determine whether the amounts sought are reasonable. Based upon a review of the record, as well as consideration of the Rogerson and Lee Affidavits, which the undersigned finds to be credible, the undersigned concludes that the number of hours spent by Plaintiff's counsel in connection with efforts to obtain post-judgment discovery in this matter is reasonable.

### C. *Calculating the Lodestar and Making Adjustments*

Upon a thorough review of the record, including counsel's billing records, and the affidavits submitted in support of the Application, the undersigned concludes that Plaintiff is entitled to recover the calculated lodestar total amount of $2,630.00, which represents 6.2

9

hours billed by Mr. Rogerson, Ms. Baio, and Mr. McKendry at the hourly rate of $250.00 and 8.0 hours billed by paralegals Ms. Lockley and Ms. Brown at the hourly rate of $135.00.

While the Supreme Court has made clear that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry[,]" *Hensley*, 461 U.S. at 434, this Court does bear in mind that "there is a strong presumption that the lodestar is the reasonable sum the attorneys deserve." *Bivins*, 548 F.3d at 1350 (citations and quotations omitted). "When the number of compensable hours and the hourly rate are reasonable, a downward adjustment to the lodestar is merited only if the prevailing party was partially successful in its efforts." *Id.* at 1350–51 (citation omitted). Here, Plaintiff's Second Motion for Entry of Final Default Judgment was granted as to all its claims in the Amended Complaint, and attorney's fees, costs, and expenses. *See* [ECF Nos. 31, 32]. As such, a downward adjustment to the lodestar is not warranted.

Therefore, based upon a finding of the reasonableness of the requested attorney's fees and applying the lodestar rates to the hours devoted to this case as represented in the affidavits, the undersigned concludes that Plaintiff is entitled to recover a total of $2,630.00 in attorney's fees[4] incurred in connection with efforts to obtain post-judgment discovery in this matter.

### IV. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Application for Attorneys' Fees and Costs Per Magistrate's July 17, 2023 Report and Recommendation Following Show Cause Hearing [ECF No. 47] be **GRANTED** and that Plaintiff be awarded its reasonable attorney's fees in the amount of $2,630.00.

Further, it is hereby

---

[4] Plaintiff did not request payment of costs in its Application.

**ORDERED** that Plaintiff's counsel shall serve a copy of this Report and Recommendation on Defendants through certified mail (or another service providing for tracking and requiring a signature upon receipt) and shall file a notice of compliance that includes a copy of a document evidencing receipt by Defendants.

The parties will have fourteen (14) days from receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Rodney Smith, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 15th day of November, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Rodney Smith, *U.S. District Judge*
Counsel of Record